295 So.2d 688 (1974)
William Francis KIEFER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-90.
District Court of Appeal of Florida, Second District.
June 5, 1974.
*689 James A. Gardner, Public Defender, Sarasota, and Robert T. Benton, II, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was charged with breaking and entering with intent to commit a felony. Thereafter, pursuant to plea bargain, the State reduced his charge to breaking and entering with intent to commit a misdemeanor to which appellant entered a plea of nolo contendere. It was understood that there was to be a pre-sentence investigation, and if as a result the court concluded that probation could not be granted, appellant would be permitted to withdraw his plea. The pre-sentence investigation was evidently unfavorable because appellant was later sentenced to one year in the county jail work release program. Appellant now moves to vacate the judgment and sentence predicated upon a failure to honor the conditions of his plea bargain.
At no time on the trial level did appellant or his counsel object to the sentence. Nevertheless, this court has held that when the trial judge finds that he cannot conscientiously honor a plea bargain, he must affirmatively take action to permit the defendant the opportunity to withdraw his plea. Barker v. State, Fla. App.2d 1972, 259 So.2d 200; accord, Brown v. State, Fla. 1971, 245 So.2d 41; Sanders v. State, Fla.App.2d 1972, 268 So.2d 553. Consequently, we are constrained to vacate the judgment and sentence so as to permit the appellant the opportunity to withdraw his plea. Should he choose to do so, the State would be permitted to prosecute for breaking and entering with *690 intent to commit a felony since the reduction of the charge was part of the bargain.
MANN, C.J., and McNULTY, J., concur.