510 So.2d 1083 (1987)
Eugene PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2529.
District Court of Appeal of Florida, Second District.
July 31, 1987.
*1084 James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant contends that the trial court erred in denying his motion for speedy trial discharge and in sentencing him in violation of his plea agreement without giving him the opportunity to withdraw his plea.
After reviewing the record and the relevant case law, we conclude that the trial court was correct in denying the appellant's motion for speedy trial discharge. See State v. Rasul, 468 So.2d 1088 (Fla. 2d DCA 1985). Accordingly, we affirm on this point.
With respect to the second point, the record reveals the following facts. At the initial sentencing hearing the trial court, the assistant state attorney, and the appellant's counsel agreed that the appellant would receive two years' incarceration in exchange for his plea of nolo contendere. The appellant's counsel represented to the trial court, without objection from the state, that this sentence was within the guidelines. The trial court accepted the appellant's plea, ordered a presentence investigation (PSI), and deferred sentencing. The plea was not conditioned upon the results of the PSI.
At the second sentencing hearing the PSI apparently reflected more prior convictions than the parties originally thought. The guidelines range based upon the PSI was three and a half to four and a half years. The trial court inquired, "Haven't you agreed on two years?" A different state attorney from the one at the prior hearing responded, "No, Judge. [The prior assistant state attorney] said to offer the bottom end of the guidelines, which would be three and a half years' State Prison and if that was not acceptable to set it for trial." The appellant's attorney objected unsuccessfully to the scoresheet and the inclusion of some of the prior convictions listed in the PSI. The trial court accepted the scoresheet and sentenced the appellant to four years' imprisonment.
Although the appellant did not file a motion to withdraw his plea, see e.g., Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979), we nevertheless are required to reverse his judgment and sentence and remand for further proceedings at which he must be given the opportunity to withdraw his plea.
In Kiefer v. State, 295 So.2d 688 (Fla. 2d DCA 1974), this court held that where the trial court finds that it cannot honor a plea bargain it must "affirmatively take action to permit the defendant the opportunity to withdraw his plea." Id. at 689. See also Dunkel v. State, 432 So.2d 201 (Fla. 2d DCA 1983). In Kiefer, as in the present case, the defendant did not object to his sentence in the trial court. Unlike the present case, however, the defendant's plea *1085 bargain in Kiefer was conditioned upon a favorable PSI. We do not conclude that this distinction requires a different result than that reached in Kiefer. Thus, we hold that the trial court erred in not affirmatively taking action in permitting the appellant the opportunity to withdraw his plea when the trial court found that it could not honor the terms of his plea bargain.
Accordingly, we affirm the trial court's denial of the appellant's motion for speedy trial discharge, but reverse the appellant's judgment and sentence and remand for further proceedings at which the appellant shall be given the opportunity to withdraw his plea.
RYDER, A.C.J., and HALL and SCHOONOVER, JJ., concur.