541 So.2d 1213 (1989)
Allan Eugene JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-119.
District Court of Appeal of Florida, Second District.
January 13, 1989.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant entered a negotiated plea of guilty to various charges. The written plea agreement, signed by appellant as well as his attorney, was for a guidelines sentence. At the plea hearing, defense counsel stated that he calculated the guidelines sentence would be three and one-half to four and one-half years based upon appellant's representations of his prior record. However, it was made clear that the state was not "buying into" any particular sentence but the only bargain was for a guidelines sentence whatever that would be.
At sentencing, it was shown that appellant had substantially understated his prior record. The actual guidelines scoresheet called for a sentence of twelve to seventeen years. Appellant's oral request to withdraw his guilty plea was denied and he was sentenced to fifteen years.
On appeal, appellant argues he should have been allowed to withdraw his plea because it was based on his misapprehension of facts, citing Forbert v. State, 437 So.2d 1079 (Fla. 1983). However, Forbert had agreed to an illegal split sentence and the trial judge refused to allow him to withdraw his plea sentencing him to a term of years in excess of the incarceration portion of his plea bargain. In contrast, appellant in this case was sentenced within the terms of his agreement. In Golden v. State, 509 So.2d 1149 (Fla. 1st DCA 1987), also relied on by appellant, there was substantial ambiguity about what sentence appellant bargained for. Not so in this case. That the bargaining here was for a guidelines sentence whatever that might be is clear both in the written plea agreement and in the colloquy at the time of the acceptance of the plea.
Finally, we distinguish this case from Goldberg v. State, 536 So.2d 364 (Fla. 2d DCA 1988). In both Goldberg and the instant case, the appellants had substantially under-represented their prior records at the time of the plea pursuant to a plea bargain. However, in Goldberg the appellant had bargained for a specific sentence (probation) based on his recitation of no substantial prior record. When the court chose to sentence him to five years because of his substantial prior record, this court held that he should have been given the opportunity to withdraw his plea. Appellant *1214 here received the sentence he bargained for.
AFFIRMED.
CAMPBELL, C.J., and DANAHY and SCHOONOVER, JJ., concur.