610 So.2d 476 (1992)
Reynaldo RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00682.
District Court of Appeal of Florida, Second District.
November 4, 1992.
Manuel A. Machin and Daniel L. Castillo of Manuel A. Machin, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
*477 ALTENBERND, Judge.
Reynaldo Rodriguez appeals his judgments and sentences imposed after he pleaded no contest to attempted second-degree murder and shooting into an occupied vehicle. We reverse.
At the plea hearing, all parties and the trial court understood that Mr. Rodriguez's plea was conditioned upon a guidelines sentence of not more than 22 years' imprisonment. Nevertheless, at the sentencing hearing, the trial court heard testimony from the victims and then imposed departure sentences which exceeded the 22-year maximum sentence agreed upon at the plea hearing. Mr. Rodriguez did not object to the departure sentence and did not file a motion to withdraw his plea in the trial court.
On appeal, Mr. Rodriguez correctly contends the trial court erred in sentencing him to a greater term than agreed upon when he tendered his plea. Because the trial court failed to affirmatively permit Mr. Rodriguez to withdraw his plea after it decided to depart from the guidelines rather than sentence him to the agreed-upon 22 years' imprisonment, we must reverse his judgments and sentences. Goldberg v. State, 536 So.2d 364 (Fla. 2d DCA 1988); Perry v. State, 510 So.2d 1083 (Fla. 2d DCA 1987); Dunkel v. State, 432 So.2d 201 (Fla. 2d DCA 1983). We remand for further proceedings at which Mr. Rodriguez shall be given the opportunity to withdraw his plea. Because of this disposition, we do not address the validity of the reasons for departure.
Reversed and remanded with directions.
PARKER, A.C.J., and PATTERSON, J., concur.