ERVIN, Judge.
Because appellant failed to move to withdraw his plea when the trial court imposed a sentence greater than that recommended in the plea agreement, we affirm appellant’s convictions and sentences. When the trial court does not participate in the plea negotiations or promise the defendant that it will impose the recommended sentence, it is under no duty to provide the defendant with a clear opportunity to withdraw his or her plea at sentencing when it decides to impose a sentence greater than that recommended in the plea agreement. Lepper v. State, 451 So.2d 1020, 1021 (Fla. 1st DCA 1984). And see Perkins v. State, 647 So.2d 202 (Fla. 1st DCA) (in order for court to properly consider voluntariness of plea on direct appeal, trial court must have been asked to resolve the issue in a prior motion to withdraw), review denied, 648 So.2d 723 (Fla.1994); Robinson v. State, 373 So.2d 898 (Fla.1979) (appeal from plea should never be a substitute for motion to withdraw plea). In so ruling, we note our apparent conflict with Perry v. State, 510 So.2d 1083 (Fla. 2d DCA 1987) (where trial court cannot honor plea agreement, it must affirmatively take action to permit the defendant the opportunity to withdraw the plea — no motion to withdraw required). And see Rodriguez v. State, 610 So.2d 476 (Fla. 2d DCA 1992); Kiefer v. State, 295 So.2d 688 (Fla. 2d DCA 1974).
We affirm, however, without prejudice to appellant raising the issue in a motion for postconvietion relief. See Eggers v. State, 624 So.2d 336 (Fla. 1st DCA 1993).
AFFIRMED.
MINER and WOLF, JJ., concur.