672 So.2d 30 (1996)
Kit GOINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 85651.
Supreme Court of Florida.
April 11, 1996.
Mark Evan Frederick of the Law Offices of Mark Evan Frederick, P.A., Destin, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals and Douglas Gurnic, Assistant Attorney General, Tallahassee, for Respondent.
GRIMES, Chief Justice.
We review Goins v. State, 652 So.2d 1283 (Fla. 1st DCA 1995), because of its conflict *31 with Rodriguez v. State, 610 So.2d 476 (Fla. 2d DCA 1992), Perry v. State, 510 So.2d 1083 (Fla. 2d DCA 1987), and Kiefer v. State, 295 So.2d 688 (Fla. 2d DCA 1974). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
The court below affirmed Goins' convictions and sentences on the premise that he failed to move to withdraw his plea when the trial court imposed a sentence greater than that contemplated in a plea agreement. The court noted apparent conflict with Perry, Rodriguez, and Kiefer, in which it was held that where the trial judge cannot honor a plea agreement, the judge must affirmatively take action to permit the defendant the opportunity to withdraw the plea and that no motion to withdraw is required.
Goins was charged with sexual activity with a child (count I), lewd and lascivious act upon a child (count II), and solicitation of a child to engage in sexual activity (count III). He entered into a written plea agreement with the state which appeared to provide that he would plead nolo contendere to counts I and III and receive a sentence of five and one-half years' imprisonment followed by three years' probation. The state would nol-pros count II. However, the plea agreement also contained a provision which said that Goins understood that the maximum period of imprisonment he could receive was thirty years on count I and five years on count III. At the plea hearing, Goins' attorney explained that the state was going to recommend five and one-half years' imprisonment followed by three years of probation. The court accepted the plea as knowingly and voluntarily entered and ordered a presentence investigation.
At the sentencing hearing, Goins' lawyer argued that Goins should be given a sentence of two years' community control followed by probation. The assistant state attorney told the court that the state would stand by the negotiated plea agreement. The court sentenced Goins to nine years in prison followed by three years' probation. The court did not offer Goins the opportunity to withdraw his plea, and Goins did not make a motion to withdraw his plea.
There are many varieties of plea agreements. Negotiations often take place only between the state and the defendant, although in some instances the trial judge participates in the negotiations. Even though the plea has been accepted and regardless of whether the judge participated in the negotiations, the judge is never bound to honor the agreement. Davis v. State, 308 So.2d 27 (Fla.1975); Brown v. State, 245 So.2d 41 (Fla.1971). However, when there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea. Fla.R.Crim.P. 3.172(g).[1] On the other hand, if the agreement only calls for the state to recommend a particular sentence and it is clear that the trial judge may impose a greater sentence, the defendant cannot withdraw the plea if a greater sentence is imposed so long as the state carries out its promise. State v. Adams, 342 So.2d 818 (Fla.1977).
In the instant case, the parties dispute the nature of the plea agreement. Goins describes it as a firm agreement for a five and one-half year prison sentence followed by three years' probation. The state characterizes it as an agreement under which the state would nol-pros one of the charges and simply recommend a sentence of five and one-half years' imprisonment followed by three years' probation.
As we interpret it, the written plea agreement calls for an agreed prison sentence of five and one-half years followed by three years' probation. The reference to the maximum sentence appears to have been included to ensure that the defendant was advised of the kind of sentences he could have received had he not entered into the agreement. Even though some of the comments of Goins' attorney indicate the possibility of a contrary understanding, we believe that Goins is entitled to the benefit of the doubt. While this matter could have been clarified at the plea *32 hearing,[2] nothing in the trial judge's colloquy with the defendant demonstrates anything more than the fact that the defendant understood the plea agreement and was entering his plea upon that basis. Thus, when the court departed from the plea agreement, Goins had a right to withdraw his plea. The fact that he did not make a motion to do so brings us to the issue on which there is a conflict of decisions.
We can envision circumstances in which a defendant would rather not withdraw his plea even though the judge imposed a sentence greater than that contemplated by the bargain. This suggests the desirability of a rule requiring the defendant to make such a motion if he wishes to have the plea set aside. Moreover, such a practice would, in most instances, obviate the necessity for an appeal. However, there is no rule of criminal procedure which permits the filing of a motion to set aside a plea after the sentence has been imposed. To require the defendant to register a complaint immediately upon sentencing or forever lose the right to withdraw the plea is asking too much.
Accordingly, under the current state of the law, we approve the principle of Rodriguez, Perry, and Kiefer that when a trial judge cannot honor a plea bargain the judge must affirmatively offer the defendant the right to withdraw the plea and that a motion to withdraw the plea need not be made to preserve the issue on appeal. At the same time, we request the Criminal Rules Committee and the Appellate Rules Committee of The Florida Bar to submit proposed rules which will provide a specified period of time within which a defendant could move to withdraw a plea on the ground that the judge had imposed a sentence greater than that set forth in the plea agreement and which would further provide that the failure to file such a motion would preclude the defendant from raising the issue on appeal.[3]
We quash the decision below and remand with directions to afford the defendant an opportunity to withdraw his plea. In the event he chooses to do so, the convictions and sentences should be set aside. Of course, the state would then be permitted to prosecute him on all three counts in the same manner as if no agreement had been reached.
It is so ordered.
OVERTON, SHAW and KOGAN, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which HARDING and WELLS, JJ., concur.
ANSTEAD, Justice, dissenting.
I would approve the decision of the district court. The defendant was on notice at all times that the court was not bound by the recommendation contained in the plea agreement. The written plea agreement included the following two paragraphs:
I understand that the maximum period of imprisonment and fine I could receive on each offense is as follows: Count 1sexual activity with a child30 years/$10,000, Count 3solicitation of sexual activity with a child5 years / $5,000.
. . . .
I further understand that my sentence will be imposed under the Uniform Sentencing Guidelines. A presumptive sentence will be determined based upon certain factors. The Court can exceed this presumptive sentence and impose up to the maximum sentence permitted by law by stating clear and convincing reasons for such departure.
Immediately after signing the written plea agreement, Goins was brought before the court for his plea hearing. The public defender, Mr. Cobb, stated, "we have signed a plea agreement in this case," and explained the terms of the agreement to the trial court. Mr. Parker, the prosecutor, also confirmed *33 the terms of the agreement for the court. Then, the following colloquy occurred between Goins and the court:
COURT: So, you have had an opportunity to discuss these terms and think about these terms?
GOINS: Yes, sir.
. . . .
COURT: And you know what's happening to you?
GOINS: Yes, sir.
COURT: And you have no complaints about Mr. Cobb's representation?
GOINS: No, sir.
COURT: Do you think that given your choices and your circumstances, these terms are in your best interest?
GOINS: Yes, sir.
COURT: And has anyone promised you anything other than what's on this piece of paper, all promises are right here?
GOINS: Yes, sir.
Because the State had agreed to drop count II, the court ordered a presentence investigation and delayed sentencing until February, 1994.
The presentence investigation was completed on January 14, 1994, and provided to all parties. In her report, the probation officer noted the terms of the negotiated plea agreement, but recommended that Goins be sentenced to nine years in the Department of Corrections followed by three years probation and sex offender counseling.
Several weeks later, at a sentencing hearing on February 4, 1994, Goins' wife and sister testified on his behalf, and Goins' counsel asked the court for a sentence below the guidelines and less than the terms of the plea agreement. The court asked the prosecutor for comment:
PARKER: Actually, Judge, there were three charges originally. The State had agreed to dismiss one of those charges and allow him to plead to two of them in accordance with the plea agreement that was set out in our recommendation letter to the Court, and the State would stand by that agreement which we had negotiated prior to the plea being entered.
The court then pronounced its sentence:
COURT: Mr. Goins, the Court has reviewed the circumstances surrounding this event, has reviewed the letters, review[ed] your character, your personality, and we have heard a couple comments this morning about your character. This Court believes an insight into your character was revealed when you had a fourteen year old girl sign a contract for sex. This Court finds that reprehensible. The letters also from your family, in particular, want to find their own behavior to blame. I cannot accept that. You are to blame, so those of you who live with this man, don't look back on your own behavior and think you're to blame, because you're not to blame. Mr. Goins is to blame. Mr. Goins, this Court is sentencing you to nine years Department of Corrections. That will be followed by three years probation, adjudicated guilty. Let the word go forth. Anything further?
COBB: No, sir.
Goins at no time attempted to withdraw his plea before appealing to the First District.
The trial court here did not participate in the negotiations or in any way mislead the parties as to the possible outcome. While I agree it would be better practice to also orally inform the defendant that the court is not bound by the agreement and there is a risk of a greater sentence, such failure to do so in the face of an explicit agreement that does the same thing should not be grounds for voiding a subsequent sentence. If indeed there was a genuine misunderstanding, that may serve as a basis for a motion to set aside the plea and the sentence. But here, the defendant himself sought a sentence below that provided in the plea agreement and put on evidence in an effort to secure that sentence. There could hardly be a clearer indication that the defendant knew the judge was not bound by the plea agreement.
Finally, there is no conflict jurisdiction here since the cases discussed are factually distinguishable. Goins involves an agreement not involving the court. Perry, Rodriguez, *34 and Kiefer involve agreements in which the court actively participated.
HARDING and WELLS, JJ., concur.
NOTES
[1] Rule 3.172(g) states:

(g) Withdrawal of Plea When Judge Does Not Concur. If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
[2] In accepting a plea predicated upon an agreement, it is always advisable for the judge to make certain that the defendant understands what has been agreed upon.
[3] It may be that this could be accomplished by incorporating the concept into the proposed amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800 now pending before this Court. See Amendments to Fla.Rules of Appellate Procedure 9.020(g) & Fla.Rule of Criminal Procedure 3.800, 21 Fla.L.Weekly S5 (Fla. Dec. 21, 1995) (order giving notice of proposed amendments).