PER CURIAM.
Appellant entered into a negotiated plea agreement with the state, whereby he agreed to plead no contest to the charged offenses in return for a negotiated sentence. At sentencing, the trial court stated its intention to deviate from the negotiated sentence and impose a guidelines state prison sanction, which would be suspended in favor of the negotiated sentence. Without offering appellant the opportunity to withdraw his plea, the trial court obtained the assent of defense counsel to this modification, adjudicated appellant guilty pursuant to his previously entered plea, and imposed sentence in accordance with its stated intention. Appellant now argues that notwithstanding the fact that he did not seek to withdraw his plea prior to instituting this appeal, remand is required in order that he be afforded that opportunity. We agree.
In Goins v. State, 672 So.2d 30 (Fla.1996), the supreme court acknowledged that when a trial court imposes a sentence greater than that called for in a written plea agreement, it must affirmatively offer the defendant the opportunity to withdraw the plea, and held that a motion to withdraw plea need not be made to preserve the issue for appeal. In accordance with Goins, we are constrained to remand this matter to the trial court with directions to afford appellant an opportunity to withdraw his plea. In the event he chooses to do so, the convictions and sentences should be set aside, and the state would then be permitted to prosecute him as if no agreement had been reached.
REMANDED WITH DIRECTIONS.
MINER, ALLEN and WEBSTER, JJ., concur.