DANAHY, Acting Chief Judge.
The appellant asserts two points on this appeal. First, he argues that his sentencing guidelines scoresheet contains errors on its face. Secondly, he argues that the trial court erred in failing to offer the appellant an opportunity to withdraw his plea when the trial court imposed a greater sentence than called for in the appellant’s plea agreement. We agree with the appellant on the second issue and reverse as to that issue only. We affirm on the first issue without further discussion.
The appellant was originally charged with escape and battery on a law enforcement officer, both offenses occurring on August 5, 1994. The charge of escape was dismissed. Pursuant to a plea agreement, the trial court withheld adjudication on the charge of battery on a law enforcement officer and imposed two years’ probation. In April of 1995, the appellant was again charged with an escape.
At a plea hearing held on July 18, 1995, defense counsel and the state agreed to revive a prior plea agreement based on a maximum prison sentence of twenty-four months. The appellant pleaded no contest to the escape charge and admitted violating his probation. Inexplicably, the trial court imposed a sentence of twenty-six months and twelve *882 days’ imprisonment for the new charge, to be followed by two years’ community control for the offense underlying the probation.
The appellant asks this court to reverse and remand with directions to afford the appellant an opportunity to withdraw his plea. In Goins v. State, 672 So.2d 30 (Fla.1996), the supreme court held that when a trial judge cannot honor a plea agreement, the ti'ial judge must affirmatively offer the defendant the right to withdraw the plea and a motion to withdraw the plea need not be made to preserve the issue for appellate review.
Accordingly, pursuant to Goins, we reverse and remand with directions to afford the appellant an opportunity to withdraw his plea.
Affirmed in part, reversed in part, and remanded with directions.
BLUE and LAZZARA, JJ., concur.