ANTOON, Judge.
The defendant appeals his judgment and sentence which were imposed following his plea of nolo contendere to the charges of aggravated assault with a deadly weapon, battery, and violating an injunction against domestic violence. We lack jurisdiction to review this appeal, and therefore, the appeal must be dismissed.
The charges against the defendant arose out of a domestic dispute during which the defendant accosted the victim with a hammer when she arrived to pick up her children at the babysitter’s house. He entered a plea of nolo contendere to all charges. The transcript of the hearing reveals that defense counsel described the terms of the negotiated plea as follows:
Your honor, at this time [the defendant] would be withdrawing his previously tendered pleas of not guilty and entering pleas of no contest as charged to Counts I through III. In exchange for that plea, the State Attorney’s Office is recommending Orange County Jail time as promised by the Court. The Court will sentence [the defendant] to a period of time in the ' Orange County Jail with no objection to work release, unless there is contact with the victim in this case ... between now and the time of the sentencing.... In the event that there is contact, then [the defendant] will be sentenced to Department of Corrections time.
The trial court asked the defendant if he understood the terms of the agreement and the defendant responded, “Yes, sir, I do.” The trial court then accepted the defendant’s plea and set the matter for sentencing. The written plea agreement signed by the defendant provided: “OCJ” time, and that the judge “has promised ... OCJ time ... unless contact, then DOC.”
Two months later, the defendant appeared for sentencing. The defendant’s sentencing guidelines scoresheet indicated a range of 10.4 to 16.7 months in state prison. At the hearing, evidence was submitted which established that one week after entering his plea the defendant accosted the victim with a gun while she was dropping her daughter off at school. The victim stated that he shot the gun at her ear as she sped away from him. Upon review of this testimony, the trial court imposed a departure sentence, sentencing the defendant to a term of 24 months imprisonment. In so ruling, the court explained that the departure was based upon the fact that the defendant had attacked the victim in the presence of one or more members of her family.[1]
The defendant now argues that his judgment and sentence must be vacated and this matter remanded to the trial court so that he can withdraw his nolo contendere plea because the trial court improperly sentenced him outside the terms of his plea agreement without first offering him the right to withdraw his plea. This argument lacks merit.
Section 924.06(3) of the Florida Statutes (1995), provides that a defendant who enters a plea of nolo contendere without specifically reserving the right to file a direct appeal waives his right to appeal all matters relating to the judgment except certain appealable issues which may occur contemporaneous with the entry of the plea. In construing this statute, our court has ruled that a defendant waives his right to directly appeal his judgment unless he first files a motion to withdraw his plea with the trial court and that motion is denied. See Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981). Accord Hughes v. State, 565 So.2d 354 (Fla. 1st DCA 1990); Harris v. State, 563 So.2d 792 (Fla. *1029 1st DCA 1990); Newbold, v. State, 521 So.2d 279 (Fla. 2d DCA 1988).
An exception to this general rule has been recognized when the defendant and the state enter into a firm agreement for a specified sentence but the trial court deviates from that agreement and imposes a sentence outside the agreement. Under such circumstances, our supreme court has ruled that it is not necessary for the defendant to first move to withdraw his plea before challenging his judgment on direct appeal. See Goins v. State, 672 So.2d 30 (Fla.1996).
In Goins, the defendant and the state entered into an agreement expressly providing for a specific sentence of 5½ years’ imprisonment. Without affirmatively offering the defendant an opportunity to withdraw his plea, the trial court sentenced the defendant to nine years in prison. Our supreme court concluded that under those facts it was not necessary for the defendant to file a motion to withdraw his plea in order to preserve his right to directly appeal his judgment.
Here, the defendant cites to Goins, arguing that his judgment and sentence must be vacated and this matter remanded in order that he might withdraw his nolo contendere plea because the trial court sentenced him outside the terms of his plea agreement without first offering him the right to withdraw his plea. We reject this argument because Goins is clearly distinguishable. Here, the defendant’s negotiated plea contained no express agreement as to whether a departure sentence would be imposed. Instead, the agreement merely provided that the defendant would receive a lenient jail-work release sentence contingent upon his having no contact with the victim pending sentencing. He chose not to comply with this condition and, as a result, he lost the benefit of the plea agreement thereby leaving the trial court with the authority to impose any legal sentence.
APPEAL DISMISSED.
PETERSON, C.J., and GRIFFIN, J„ concur.

. Section 921.0016(3)(m) of the Florida Statutes (1995), authorizes a departure sentence when "the victim was physically attacked by the defendant in the presence of one or more members of the victim's family." The defendant does not challenge this ground for departure.