PER CURIAM.
Appellant challenges the denial of his motion to withdraw his no contest plea. We reverse because the trial court abused its discretion by not allowing appellant to withdraw his plea when the trial court determined it could not sentence appellant in accordance with the terms of the plea agreement.
Appellant pleaded no contest to possession of cocaine pursuant to a plea agreement under which he would be sentenced to a level four commitment. The court was fully advised of the conditions of the plea agreement, but nevertheless sentenced appellant to a level six commitment. The court then denied appellant’s motion to withdraw the plea, find- *748 mg the motion untimely since it followed oral pronouncement of the sentence.
Whether a defendant should be permitted to withdraw a plea is a question addressed to the discretion of the trial court; however, the court’s discretion is constráined by the interests of justice. Watson v. State, 667 So.2d 242 (Fla. 1st DCA 1995). When a trial judge cannot honor the conditions of a plea agreement, the judge must affirmatively offer the defendant an opportunity to withdraw the plea. Goins v. State, 672 So.2d 30 (Fla.1996); Rodriguez v. State, 610 So.2d 476 (Fla. 2d DCA 1992); Kiefer v. State, 295 So.2d 688 (Fla. 2d DCA 1974). A motion to withdraw a plea need not be made to preserve the issue for appeal. Goins, 672 So.2d at 32.
In the instant case, appellant has demonstrated manifest injustice and an abuse of discretion. He was sentenced to a commitment level greater than that contemplated by the plea agreement without being given the opportunity to withdraw his plea. Under these circumstances, it cannot be said that appellant knowingly and intelligently pleaded no contest.[1]
Therefore, we reverse and remand with instructions to give appellant an opportunity to withdraw his plea.
THREADGILL, C.J., and ALTENBERND and QUINCE, JJ., concur.

. We also note that the hearing transcript indicates that the court failed to make the proper inquiry to establish the voluntariness of the appellant’s plea and to determine that it was entered knowingly and intelligently as required by Florida Rule of Juvenile Procedure 8.080.