688 So.2d 375 (1997)
James CONLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1695.
District Court of Appeal of Florida, Fifth District.
January 24, 1997.
Rehearing Denied February 26, 1997.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
The appellant, James Conlan, pled guilty to obtaining unemployment benefits by fraud pursuant to a plea agreement under which the state would recommend a sentence of 100 days in the county jail plus a period of probation within which to make restitution. A successor trial judge imposed a prison sentence of 40 months without affording Conlan the opportunity to withdraw his plea. He urges this as error.
The state argues that it fulfilled its bargain by affirmatively recommending the lesser sentence. Conlan, on the other hand, contends that the opinion in Goins v. State, 672 So.2d 30 (Fla.1996) entitles him to the opportunity to withdraw his plea. In Goins, Justice Grimes, for the majority, wrote:
There are many varieties of plea agreements. Negotiations often take place only between the state and the defendant, although in some instances the trial judge participates in the negotiations. Even though the plea has been accepted and regardless of whether the judge participated in the negotiations, the judge is never bound to honor the agreement. Davis v. State, 308 So.2d 27 (Fla.1975); Brown v. State, 245 So.2d 41 (Fla.1971). However, when there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea. Fla.R.Crim.P. 3.172(g). On the other hand, if the agreement only calls for the *376 state to recommend a particular sentence and it is clear that the trial judge may impose a greater sentence, the defendant cannot withdraw the plea if a greater sentence is imposed so long as the state carries out its promise. State v. Adams, 342 So.2d 818 (Fla.1977). [Footnote omitted].
The issue before us, then, is whether there was a firm agreement for a specified sentence (100 days plus probation) or merely an agreement for a state recommendation. Based upon the record before us, we agree with the argument of the state that the agreement called only for a recommendation by the state. Moreover, the trial court, in taking the plea, specifically advised Conlan of the maximum penalty he was subject to as a result of his plea. The judge taking the plea never agreed to the recommended sentence, and stated only that he would impose sentence after receiving a PSI. Although the case was assigned to a different judge prior to imposition of sentence, nothing was said or done by either judge to mislead the defendant or commit the court to a lesser sentence than the one ultimately imposed.
AFFIRMED.
W. SHARP and ANTOON, JJ., concur.