693 So.2d 693 (1997)
D.V.L., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03567.
District Court of Appeal of Florida, Second District.
May 9, 1997.
*694 James Marion Moorman, Public Defender, Bartow and Megan Olson, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
FRANK, Judge.
D.V.L. appeared before a juvenile judge at a combination arraignment and disposition hearing to face charges in three petitions: two charged her with escape and one with burglary. At the first part of the hearing, D.V.L. entered a guilty plea to one of the escape charges. The trial judge, however, requested her plea without informing her of any of her rights set out in Florida Rule of Juvenile Procedure 8.075. In a later part of the hearing, D.V.L. admitted the second escape charge, but no plea was taken. In neither part of the hearings did there appear any mention of a plea on the burglary charge. Nevertheless, the judge adjudicated D.V.L. delinquent of all three charges and committed her to a level eight facility.
This record reflects that D.V.L.'s primary purpose was to contest the disposition rather than the charges. That concern notwithstanding, the plea colloquy was woefully inadequate in this case. D.V.L. was never really informed of the nature of the charges or of the effect flowing from her no contest plea, nor is it clear from the record that her plea was knowing and voluntary. It appears that she has never entered a plea to the burglary charge.
When the record fails to reflect a determination by the trial court that the juvenile has entered a plea voluntarily and with an understanding of the nature of the allegations, remand is appropriate. G.M.K. v. State, 312 So.2d 538 (Fla. 2d DCA 1975). In this case D.V.L. must be given an opportunity to withdraw her plea to the escape charges. See D.D.W. v. State, 686 So.2d 747 (Fla. 2d DCA 1997). The burglary charge, for which no plea was ever entered, must be reversed.
Reversed and remanded for further proceedings.
DANAHY, A.C.J. and ALTENBERND, J., concur.