PER CURIAM.

Confession of Error

Kelvin Bouie appeals his convictions and sentences for sale of cocaine, contending that the sentences imposed exceed the maximum allowed under the plea agreement. The State concedes that defendant-appellant’s point is well taken.
In April 1996, defendant entered into a plea agreement which provided that if defendant were found to be a habitual felony offender, then his sentence would not exceed eight years. The plea agreement was approved by the court. In May 1996, defendant was found to be a habitual felony offender. The court imposed a sentence consisting of eight years incarceration followed by seven years probation. Defendant was not given an opportunity to withdraw his plea.
The State concedes that “when a trial judge cannot honor a plea bargain the judge must affirmatively offer the defendant the right to withdraw the plea, and that a motion to withdraw the plea need not be made to preserve the issue on appeal.” Goins v. State, 672 So.2d 30, 32 (Fla.1996) (emphasis in original). Accordingly the case must be remanded
with directions to afford the defendant an opportunity to withdraw his plea. In the event he chooses to do so, the convictions and sentences should be set aside. Of course, the state would then be permitted to prosecute him on all ... counts in the same manner as if no agreement had been reached.
Id.; see also Dawkins v. State, 651 So.2d 1317 (Fla. 3d DCA 1995); Foye v. State, 558 So.2d 537 (Fla. 3d DCA 1990).
Reversed and remanded.