THOMPSON, Judge.
Todd Allen Davis appeals his negotiated sentence to the charges of grand theft, forgery, and uttering a forgery. He argues that the trial court did not honor the sentencing agreement. We affirm.
Davis entered a plea agreement which stated that he would be sentenced “at the low end of [the] permitted range” followed by two years probation. The sentencing guidelines score sheet used by the trial court showed a permitted range of four and a half to nine years. Davis was sentenced to five years imprisonment followed by two years probation. On appeal, Davis argues that the trial court imposed a sentence exceeding that contained in his plea agreement without first giving him an opportunity to withdraw his plea. More precisely, Davis asks this court to resolve a semantical conundrum: is a sentence within six months of the lowest sentence within a permitted range “at the low end of the permitted range?” We hold that it is.
Davis inaccurately argues that the trial court, by accepting the written plea, agreed to sentence him to a specific sentence: four and a half years. The plea agreement did not state or imply a specific term of years for his sentence. The plea agreement reads in pertinent part:
1. Adjudication
2. Low end of permitted range plus 2 years probation with an early termination when all restitution is paid, (emphasis added)
The trial court followed the plea precisely: Davis was sentenced to the lower end of the permitted range. Davis cites Goins v. State, *504 672 So.2d 30 (Fla.1996), to support his agreement. In Goins, the Supreme Court held that if the trial court cannot sentence a defendant according to the plea agreement, the court must give the defendant the right to withdraw the plea. Id. at 32. The difference between Goins and the instant case is the lack of precision in stating the sentence to be imposed. Had Davis agreed to be sentenced at the “lowest” end of the permitted range, to “4$ years,” then Goins would apply. Here, the trial court did not agree to sentence Davis to a specific sentence only to the lower end of the permitted range. Therefore, the trial court considered a five year sentence to be within the terms of the agreement. We will not gainsay the trial court.
Perhaps the lesson to be learned is that negotiations should include a precise plea for a term of years or an objective basis for determining a sentence (lowest end or bottom of the permitted range) will prevent this problem from recurring. Here, the trial judge did not err by imposing a sentence within six months of the lowest sentence that could be imposed in a permitted range.
AFFIRMED.
COBB and HARRIS, JJ., concur.