PER CURIAM.
In these consolidated appeals, Dan B. Murphy argues that the trial court erred in failing to offer him the opportunity to withdraw his pleas in five circuit court cases. Appellant entered into a negotiated plea agreement with the State which provided that he *1386 would plead no contest to charges in three cases and admit violations of probation in two cases in exchange for five years of substance abuse probation. At the sentencing hearing, the trial court refused to honor the plea agreement and imposed prison sentences. On appeal, the State concedes that appellant should have been given the chance to withdraw his pleas. We conclude that the trial court erred under the circumstances of these cases. See Goins v. State, 672 So.2d 30, 32 (Fla.1996) (“[W]hen a trial judge cannot hon- or a plea bargain the judge must affirmatively offer the defendant the right to withdraw the plea and ... a motion to withdraw the plea need not be made to preserve the issue on appeal.”) (emphasis in original). Accordingly, we reverse and remand for the trial court to allow appellant to withdraw his pleas.
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and LAZZARA and QUINCE, JJ., concur.