HARRIS, Judge.
Eddie V. Clay, pursuant to a written plea agreement, pled nolo contendere to the charge of burglary of a dwelling. His companion charge of grand theft was nolle prossed. Conditions of his plea were that he would be released ROR until sentencing and that he would be sentenced in the mid or lower range of the guidelines. He was released ROR, fled the state, and did not appear at sentencing. After he was arrested in another jurisdiction, he was returned here for sentencing. Clay was sentenced to 4Ó.6 months which was the mid-point of the guideline range plus 90 days representing the time that Clay had fled the state.
Clay raises two points on appeal. First he contends that the court should have granted his request to withdraw his plea because he stated that he thought he was pleading to the grand theft charge instead of the burglary charge. Even though there was some confusion in the record, the court, based on the written plea agreement and the transcript, determined that Clay knowingly and intentionally pled to the burglary count. The record supports the trial judge. ■
Clay next asserts that since the court sentenced him above the mid-point of the sentencing guidelines, he should have been permitted to withdraw his plea. But the court determined, and we agree, that the agreement was not for a specific point but for a range. Even though the court recognized the defendant’s fleeing from the state to avoid sentence in its judgment of sentence, still the result remained within the mid-range of the guidelines. In Davis v. State, 696 So.2d 503 (Fla. 5th DCA 1997), this court recognized the difference between an agreement for a specific sentence and an agreement to be sentenced within a general range. In the latter case, the court reserves some discretion. As we said in Davis: “Therefore, the trial court considered a five year sentence to be within the terms of the agreement. We will not gainsay the trial court.” 696 So.2d at 504.
AFFIRMED.
DAUKSCH and ANTOON, JJ., concur.