COBB, J.
The defendant below, Rongstad, entered pleas of nolo contendere to multiple counts of burglary, grand theft, and dealing in stolen property. At the time he entered his pleas, he advised the trial court that he had been promised that his sentences were to “run together” and would be “low guidelines” sentences. At the time of sentencing, defense counsel again pointed out that the defendant expected to receive concurrent sentences. Nevertheless, over counsel’s objection and the defendant’s express desire to withdraw his plea, the trial court instead imposed the sentences consecutively so that the high end of the sentencing guidelines range could be achieved. Rongstad was never advised that the court was not bound by his understanding of the plea agreement. Rongstad obviously did not enter a knowledgeable plea, and should have been allowed to withdraw it. See Goins v. State, 672 So.2d 30 (Fla.1996).
We reverse and remand for reinstatement of the original charges, and, in the absence of any new plea arrangement, trial of all those charges.
REVERSED AND REMANDED.
GRIFFIN, CJ. and HARRIS, J., concur.