729 So.2d 987 (1999)
Jason Todd KALAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1621.
District Court of Appeal of Florida, Fifth District.
March 26, 1999.
*988 Wm. J. Sheppard and Adam B. Allen of Sheppard and White, P.A., Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and, Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
Jason Kalapp entered a plea of nolo contendre to the charges of kidnapping, burglary of a dwelling with battery, attempted first degree murder, and two counts of sexual battery.[1] He was sentenced to five concurrent terms of life imprisonment. The charges arose out of Mr. Kalapp's unprovoked physical attack upon his neighbor. Mr. Kalapp appeals his sentences, arguing that the trial judge erred in 1) failing to sua sponte disqualify himself, and 2) imposing a sentence which departed from the sentencing guidelines without providing written reasons. Upon review, we have determined that this appeal must be dismissed under the authority of Eisaman v. State, 440 So.2d 470 (Fla. 5th DCA 1983). In Eisaman, this court explained:
Under both Florida Rule of Appellate Procedure 9.140(b) and section 924.06(3), Florida Statutes (1981), a defendant who pleads guilty has no right to a direct appeal, except for such matters as would invalidate the plea itself. Robinson v. State, 373 So.2d 898 (Fla.1979). Whatever right exists to appeal from a guilty plea, such appeal should never be a substitute for a motion to withdraw the plea, and in presenting such motion after sentence is imposed, the burden is on the defendant to *989 show that a manifest injustice has occurred. Robinson at 902-903.
Id. at 472. Dismissal of this appeal is required because Mr. Kalapp did not reserve his right to appeal at the time he entered his plea or file a motion to withdraw his plea either before or after he was sentenced. See Skinner v. State, 399 So.2d 1064 (Fla. 5th DCA 1981). See also Abney v. State, 685 So.2d 1027 (Fla. 5th DCA 1997). However, for purposes of judicial efficiency and economy and to prevent further meritless appellate challenges, we will briefly discuss the two claims of error raised by Mr. Kalapp.
At a pretrial conference, the trial judge disclosed to defense counsel and the state attorney that he was acquainted with Mr. Kalapp's family. The trial judge stated that, although he personally did not know Mr. Kalapp, his mother knew both Mr. Kalapp and Mr. Kalapp's mother. The judge also disclosed that, while in practice, he had represented Mr. Kalapp's grandfather in a civil action. After making these disclosures, the trial judge asked whether either party intended to file a motion to disqualify him. Neither party moved for disqualification.
Thereafter, at sentencing, the judge made reference to knowing the victim as well:
One of the problems with being in a small town, particularly a town of this nature, when you grow up here, I know everybody. I know both families in this case and if there was anything I could do as a judge to turn back the clock so that the two families in this case didn't have to go through what they've had to go through, I would do that. But unfortunately I can't. I would give anything if [the victim] didn't have to be a victim and [the defendant's mother] didn't have to go through what she is going through. Unfortunately, that's the case. She did everything that a mother can do to try to get Jason in a situation where he would make it in life and not come to an end such as this.
Mr. Kalapp did not make a contemporaneous objection or move to disqualify the trial judge after hearing this comment.
Mr. Kalapp first argues that he is entitled to be resentenced by a different circuit judge because he was denied his due process right to be sentenced by an impartial judge. See Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). We recognize that, in cases in which the trial court "has a financial or personal interest in the outcome of a case, that judge's interest constitutes a structural defect that violates at least one of the parties' right to receive due process of law." Pinardi v. State, 718 So.2d 242, 244 (Fla. 5th DCA 1998). Mr. Kalapp's argument fails to meet this standard because there is nothing contained in the trial judge's comments or the instant record which could fairly be construed as indicating that the trial judge had an interest in the outcome of this case. Accordingly, there was no structural defect in Mr. Kalapp's trial.
Mr. Kalapp also argues that he is entitled to be resentenced by a different circuit judge because his sentencing judge violated Canon 3E of the Florida Code of Judicial Conduct (1998) by failing to sua sponte disqualify himself. The Canon provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Fla.Code Jud. Conduct, Canon 3E(1). He argues that the trial judge was required to disqualify himself sua sponte because the trial judge's comment that he knew everyone in his small town, including the families of the defendant and the victim, reasonably calls the trial judge's impartiality into question. We disagree. The trial judge's statement in the context in which it was made cannot reasonably be construed as a suggestion that the trial judge had an interest in Mr. Kalapp's case.
We further note that Mr. Kalapp's complaint falls into the category of allegations described in MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1338 (Fla. 1990), as being legally insufficient:
There are countless factors which may cause some members of the community to think that a judge would be biased in favor of a litigant or counsel for a litigant, e.g., friendship, member of the same church or religious congregation, neighbors, former classmates or fraternity brothers. However, such allegations have been found legally *990 insufficient when asserted in a motion for disqualification.
We next address Mr. Kalapp's claim the trial court erred in imposing a departure sentence. The primary offense at sentencing was sexual battery with a deadly weapon. See § 794.011(3), Fla. Stat. (1997). Mr. Kalapp's guidelines scoresheet reflected a total of 463 points. The negotiated plea entered into between Mr. Kalapp and the state provided that the trial court could impose a sentence of as few as 240 months in prison. No limitation was placed on the maximum sentence. The high end of the guideline range was 528 months. The guideline scoresheet contained language paraphrasing section 921.0014(2), Florida Statutes (1997), which provides in relevant part: "If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment." Over Mr. Kalapp's objection, the trial court exercised its discretion under section 921.0014(2) and sentenced Mr. Kalapp to five concurrent terms of life imprisonment.
Succinctly stated, Mr. Kalapp's claim of error is that the sentence imposed was a departure from the sentencing guidelines because the sentence exceeded 528 months, and thus the trial court was required but improperly failed to articulate reasons for the departure. We disagree. A plain reading of section 921.0014(2) authorizes the trial court to impose a life sentence if the defendant scores 363 or more points. Accordingly, the sentences imposed in this case did not constitute departure sentences.
Appeal DISMISSED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] §§ 787.01(1)(a)(2); 810.02(2)(c); 782.04(1)(a)1; 777.04(1); 794.011(3), Fla. Stat. (1997).