ANTOON, C.J.
This is an appeal of the denial of Ervin Tyrone Johnson’s motion for relief under Florida Rule of Criminal Procedure 3.800(a). The defendant challenges the legality of his sentence because the trial court refused to accept his negotiated plea with the state. We affirm.
Mr. Johnson was charged with burglary of a dwelling with an assault[1] and attempted sexual battery.[2] Mr. Johnson claims that prior to trial on these charges he entered into a negotiated plea agreement with the state. According to Mr. Johnson the terms of this agreement were that he would enter a plea of no contest in exchange for a sentence of 456 to 556 years.
After considering Mr. Johnson’s presen-tence investigation report, Mr. Johnson’s prior criminal history and the sentencing guidelines range, the original trial court rejected the negotiated plea which called for a downward departure in the sentencing guidelines. However, the trial court did indicate that it would entertain a negotiated plea providing for a guideline sentence or, in the alternative, allow Mr. Johnson to withdraw his tendered plea. No such negotiated agreement was forthcoming; Mr. Johnson withdrew his guilty plea and proceeded to trial where he was convicted and sentenced to 20 years on each charge.
Another trial court later considered the defendant’s postconviction motion pursuant to rule 3.800(a), challenging the legality of the sentence. The trial court denied relief, finding that the claim was not cognizable under rule 3.800 because the sentences did not exceed the statutory maximum and there were no errors apparent on the face of the record. Mr. Johnson did not allege that his sentence was illegal because it patently failed to comport with statutory or constitutional limitations. See State v. Mancino, 714 So.2d 429 (Fla. 1998); Goins v. State, 672 So.2d 30 (Fla. 1996). Accordingly, we affirm.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.

. § 810.02(2), Fla. Stat. (1985).

. §§ 794.011(2); 777.04, Fla. Stat. (1985).