943 So.2d 941 (2006)
Fredric BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4510.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In this case, Fredric Brown was charged by information with possession of *942 cocaine with intent to distribute and resisting arrest without violence. Brown pled no contest to these charges, as well as to failure to appear, but subsequently filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l). Since the motion to withdraw the plea was filed after sentencing, Brown has the burden of establishing that a "manifest injustice" occurred. See Lopez v. State, 536 So.2d 226, 229 (Fla.1988). We reverse the trial court's denial of the motion because we find Brown satisfied this burden.
The signed plea agreement stated appellant was pleading no contest to the charges and the State was agreeing to a prison term of one year and a day. At some point (upon which the record is silent), the section on the plea form stating that the State agreed to that prison term was crossed out and written instead was "plea to the court." Appellant presented the plea agreement at the hearing on his change of plea from not guilty to no contest, but was sentenced nonetheless to ten years in prison and one year in the county jail. Immediately thereafter, appellant moved to withdraw his plea, arguing that the trial judge promised him a year and a day. The trial court never specifically rejected the plea agreement on the record prior to accepting the defendant's plea. The record and appellant were consequently unclear as to whether the judge had rejected the plea agreement. See Fla. R.Crim. P. 3.172(g) ("If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn."); Goins v. State, 672 So.2d 30, 31 (Fla.1996) (stating "when there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea"). The confusion is further evidenced by the fact that appellant was sentenced to a downward departure, and on the form stating "Reasons for Departure  Mitigating Circumstances," the trial court checked "Legitimate, uncoerced plea bargain."
At the hearing on appellant's motion to withdraw his plea, appellant testified that the agreed sentence of a year and a day was conveyed to him by his former defense counsel shortly before he entered the courtroom. Appellant further testified that defense counsel advised him he would be able to withdraw the plea if the court rejected the agreement. Since the former defense counsel was not called as a witness, Brown's testimony about the advice he was given was unrefuted.
Accordingly, we reverse the order denying the motion to withdraw plea and remand with directions that appellant be allowed to withdraw his plea.
Reversed and Remanded.
STEVENSON, C.J., WARNER and TAYLOR, JJ., concur.