LAWSON, J.
T.H. appeals an order denying his motion to withdraw plea, filed after he was sentenced on the charge of felony battery. The State properly concedes error, and we reverse.
The State originally charged T.H. with aggravated battery (a second degree felony) and felony battery (a third degree felony), for punching another child in the face.[1] On the day of the trial, T.H. and the State entered into a plea agreement calling for T.H. to plead no contest to the felony battery charge in exchange for a one-year probationary sentence and the State’s agreement to nolle pros the aggravated battery count.
After a thorough plea colloquy, the trial court accepted T.H.’s plea, but sentenced him to a significantly longer probationary period than the one agreed to by T.H. and the State. When the trial judge did not impose the agreed sentence, T.H. moved to withdraw his plea, citing Goins v. State, 672 So.2d 30 (Fla.1996). The Court in Goins instructs that when there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea. Id. at 31.
The trial judge denied T.H.’s motion, reasoning that because the record reflected that T.H. was at all times aware that the court was not bound to honor the plea agreement, there was no reason to *239 allow T.H. to withdraw his plea based upon his displeasure with the ultimate sentence. Although the trial judge’s basis for denying T.H.’s motion is reasonable, we find it to be inconsistent with the holding in Goins. As stated by the dissent in Goins, the defendant in that case also “knew the judge was not bound by the plea agreement.” 672 So.2d at 33 (Anstead, J., dissenting).[2]
Under Goins, in cases involving an open plea to thé bench, with only a State recommendation, the plea is clearly binding as long as the defendant knows that the judge can give any legal sentence. In those cases, the defendant cannot withdraw his or her plea based upon dissatisfaction with the ultimate sentence. However, where the State enters into a plea bargain involving an “agreed” sentence, the trial court cannot simply take the plea and impose a greater sentence. If, as appears to be the case here, the trial judge has concluded before accepting the plea that he or she is not comfortable with the agreed sentence in a plea agreement case, the court has several options that would not run afoul of the rule in Goins. First, the court could go ahead and take the plea, impose the sentence, and then allow the defendant to withdraw the plea if different from that agreed. Alternatively, the judge could inform the parties before accepting the plea that the plea deal is unacceptable, and explain to the defendant that he or she can either go to trial or enter an open plea to the court. Obviously, if the defendant then decided to enter an open plea to the court, that plea would be binding-and could not be withdrawn based upon displeasure with the sentence. Another alternative would be for the trial judge to allow the parties to negotiate a new deal. For example, in this case, the trial judge could have indicated that he would not accept a plea agreement with such a short term of probation, but allow the parties time to negotiate and tender a new plea deal that increased the probationary sentence.
As the State has properly conceded in this case, however, given that T.H. entered his plea with a firm agreement from the State as to the sanction to be imposed, the trial court was required to allow T.H. to withdraw his plea after imposing a greater sentence.
REVERSED AND REMANDED.
PLEUS and EVANDER, JJ., concur.

. T.H. and another juvenile both punched the victim, who suffered a broken nose. Despite T.H.’s contention to the contrary, it is unclear which of the two assailants threw the punch that caused the fracture.

. In fact, it appears that three of the seven justices who decided Goins would have adopted a rule similar to the one applied by the trial judge here.