DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERMAN BLOUNT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-2755

[September 6, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; George Odom, Jr., Judge; L.T. Case No. 21-005608 CF10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Herman Blount appeals an order determining that he violated his probation and related orders. He argues the trial court erred by failing to afford him the opportunity to withdraw his plea prior to the imposition of a sentence in excess of the plea agreement he negotiated with the state. We agree, and we reverse.

The relevant terms of the firm plea agreement between Blount and the state provided that Blount would admit to the alleged violation of probation in exchange for reinstatement and modification of probation and the state's stipulation that Blount is not a danger to the community. At the change of plea hearing, the trial court determined that Blount was a danger to the community and sentenced him to the lowest permissible sentence, which was more than four years. The trial court denied Blount's motion to withdraw his plea.

A trial judge "is never bound to honor" a plea agreement. *Goins v. State*, 672 So. 2d 30, 31 (Fla. 1996). "However, when there has been a firm

agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea." *Id.*; *see also* Fla. R. Crim. P. 3.172(h) ("If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn."). "[W]hen a trial judge cannot honor a plea bargain the judge must *affirmatively* offer the defendant the right to withdraw the plea . . . ." *Goins*, 672. So. 2d at 32 (emphasis in original).

Because the trial court declined to accept the firm plea agreement between Blount and the state, it erred by (1) failing to offer Blount the opportunity to withdraw his plea and (2) otherwise denying Blount's motion. Accordingly, we reverse and remand for the trial court to provide Blount the opportunity to withdraw his plea.

Our holding returns Blount to the status he occupied immediately before the trial court rejected the plea. *See State v. Gutierrez*, 333 So. 3d 806, 808 (Fla. 3d DCA 2022), *reh'g denied* (Mar. 7, 2022).[1] Consequently, the remaining issues raised by Blount are moot.

*Reversed and remanded with instructions.*

MAY and ARTAU, JJ., concur.

---

[1]

> Under these circumstances, we must return the parties to the position they occupied immediately before the trial court's error. That position would be the point at which the parties appeared before the trial court and announced they had reached a negotiated plea. On remand, should the State and defense stand by the previously negotiated plea, they may present it once again to the trial court for acceptance. Should the trial court decline to accept the negotiated plea (and should the parties be unable to negotiate a plea acceptable to the trial court), the defendant can either proceed to a probation violation hearing on the amended affidavit, or the defendant can plead "open" to the trial court and admit to the alleged violations, after which the trial court can fashion the appropriate sentence. Importantly, however, if the defendant admits to the allegations contained in the amended affidavit (which alleges more than a failure to pay costs, fines, or restitution), the trial court must, before revoking, modifying or continuing probation, first hold a hearing pursuant to section 948.06(8)(e), to determine and make written findings whether the defendant poses a danger to the community.

*Id.* (citation and footnote omitted) (reversing where trial court sua sponte dismissed affidavit of violation of probation).

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*