JOANOS, Chief Judge.
Appellant, Jerry L. Parker appeals the order denying his rule 3.850 motion for post-conviction relief. Fla.R.Crim.P. 3.850. As grounds for relief, appellant alleged that he was denied effective assistance of counsel, and that his plea was involuntary. The trial court found the allegations of the motion were refuted by the written plea agreement, and by the transcript of the plea colloquy, copies of which were attached to the order denying the motion. We reverse.
Our initial review of the motion led us to conclude that the allegations of the motion were not conclusively refuted by the portions of the record attached to the order denying relief. Therefore, we requested the Attorney General’s office to file a brief in response to appellant’s claims. See Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). After a review of the state’s brief, and further consideration of the allegations of the motion, we have determined the motion sets forth sufficient facts to support appellant’s claims of ineffective assistance of counsel and an involuntary plea, and that these claims are not conclusively refuted by the portions of the record attached to the trial court’s order.
In the motion here under review, appellant alleged that his counsel failed to advise him that he could move to withdraw his plea, when it was determined the guideline sentencing range was for. a longer sentence than that contemplated when the plea was entered. The notice of judicial acts to be reviewed filed by appellant’s counsel implicitly corroborates appellant’s claims in this regard. The notice explains the error in calculating the estimated guideline score upon which the plea was based, and is notably silent on the subject of a motion to withdraw plea. Similarly, the brief opinion on appeal establishes that counsel’s failure to advise appellant of his right to withdraw his plea precluded appellate review of the sentence. See Parker v. State, 576 So.2d 943, 944 (Fla. 1st DCA 1991).
As the trial court found, the attachments to the order establish the voluntariness of the plea when it was entered on November 27, 1989, based on appellant’s understanding that the possible sentencing range would be nine to twelve years. However, the attachments do not refute appellant’s claims that he did not learn of his exposure to a much longer sentence until the night before sentencing, which took place January 10, 1990. Moreover, these attachments do not refute appellant’s allegations that neither his counsel nor the trial judge advised him of his right to withdraw his plea. The trial court has an affirmative duty to permit a defendant to withdraw his plea when the court decides to impose a longer sentence than the sentence contemplated when the plea was entered. See Rodriguez v. State, 610 So.2d 476 (Fla. 2d DCA 1992); Goldberg v. State, 536 So.2d 364 (Fla. 2d DCA 1988). Since the allegations of the motion identify a specific instance of deficient performance, and demonstrate the necessary prejudice resulting therefrom, it appears the order denying post-conviction relief must be reversed and remanded.
Accordingly, the order denying appellant’s rule 3.850 motion for post-conviction relief is reversed, and the cause is remanded with directions to enter another order attaching additional portions of the record which conclusively refute appellant’s claims, or to conduct an evidentiary hearing.
WIGGINTON and WOLF, JJ., concur.