FULMER, Judge.
Shaun E. Bocock appeals the demal of his motion to withdraw Ms plea of nolo contende-re to charges of grand theft, burglary, manufacture of cannabis and two counts of petit theft. We conclude that the trial court properly enforced the conditions of Bocock’s negotiated plea and, therefore, affirm.
Bocock entered into a written plea agreement wMch included a provision that he could withdraw his plea if the score on his sentencing guidelines scoresheet exceeded 52 points. Because he scored Mgher than the anticipated 52 points, Bocock claims that the trial court was obligated to allow him to withdraw his plea. As a general rule, when a trial judge cannot honor the terms of a plea agreement, the defendant must be given an opportumty to withdraw the plea. Goins v. State, 672 So.2d 30 (Fla.1996). However, Bocock failed to appear for Ms first scheduled sentencing hearing, and his plea agreement contained the following provision: “I understand that if I fail to timely appear for my Pre-Sentence Investigation Interview or Sentencing that my plea will stand but the sentencing agreement is void and I may then receive the maximum sentence authorized by law.”
By failing to appear, Bocock waived Ms right to enforce the sentencing portion of the plea agreement. Consequently, because the agreement expressly authorized the trial court to impose the maximum sentence, the fact that the pomts on the scoresheet exceeded the number anticipated became irrelevant.
Affirmed.
DANAHY, A.C.J., and BLUE, J., concur.