SILBERMAN, Judge.
Elijah Patrick Griffin appeals the denial of his motions to withdraw his pleas after sentencing for grand theft and possession of cocaine. The State concedes, and we agree, that the trial court should have allowed Griffin to withdraw his pleas.
On January 23, 2004, Griffin entered a guilty plea to grand theft in circuit court case number 03-8029 and a guilty plea to possession of cocaine in circuit court case number 03-19769. It was clear at the plea and sentencing hearing that Griffin was to receive a suspended prison sentence that *515 provided for drug offender probation with a six-month residential drug treatment program through the Salvation Army. It was acknowledged at the plea hearing that Griffin had been accepted for the Salvation Army program. The trial court imposed sentence in accordance with the agreement at the hearing. After Griffin’s plea hearing, the Salvation Army made a policy change and informed Griffin that he would not be accepted into the treatment program.
At a hearing held on February 5, 2004, defense counsel informed the trial court that Salvation Army had made a policy change and “backed out on us, Judge, so Salvation Army won’t take him now, even though they had already approved him.” The trial court indicated that it would modify Griffin’s sentence and imposed a concurrent sentence of 42.825 months in prison “nunc pro tunc” on the two convictions.
On February 26, 2004, Griffin filed motions to withdraw his pleas, contending that he entered the pleas with the understanding of receiving drug offender probation. After a hearing, the trial court denied the motions.
Florida Rule of Criminal Procedure 3.170(Z) permits a defendant to file a motion to withdraw a guilty plea after sentencing pursuant to the grounds in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii), which include a violation of a plea agreement and an involuntary plea. See State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003). To support a withdrawal of a plea after sentencing, the defendant must demonstrate a manifest injustice. Id. Here, the State concedes that the trial court should have allowed Griffin to withdraw his pleas because Griffin was resen-tenced to a prison term after his previous plea agreement failed through no fault of his own. See Parker v. State, 616 So.2d 1121, 1122 (Fla. 1st DCA 1993) (stating that “[t]he trial court has an affirmative duty to permit a defendant to withdraw his plea when the court decides to impose a longer sentence than the sentence contemplated when the plea was entered”) (citing Rodriguez v. State, 610 So.2d 476 (Fla. 2d DCA 1992)).
Griffin has shown that a manifest injustice occurred when he entered his pleas based on the understanding that he would receive suspended sentences of drug offender probation and that, through no fault of his own, he was subsequently sentenced to 42.825 months in prison. Therefore, we reverse Griffin’s judgments and sentences for grand theft and possession of cocaine and remand for the trial court to allow him to withdraw his guilty pleas.
Reversed and remanded.
SALCINES and WALLACE, JJ., Concur.