977 So.2d 736 (2008)
Aaron Rodriguez HENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3575.
District Court of Appeal of Florida, Second District.
March 26, 2008.
*737 James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Aaron Rodriguez Henson appeals two judgments: one judgment for obstructing or resisting an officer without violence, for which Mr. Henson was sentenced to time served, and one judgment for fleeing to elude and felony driving while license revoked, for which he received concurrent sentences of two years in prison on each charge. Although the notice of appeal referenced both judgments, Mr. Henson has raised no issue on appeal regarding the judgment for obstructing or resisting an officer without violence, and we therefore affirm that judgment without further comment. As to the judgment for fleeing to elude and felony driving while license suspended, we also affirm. However, as to these charges, if Mr. Henson elects to withdraw his plea on remand, he must be allowed to do so.
This case involves an attempt by the trial court to enter into the same type of deferred sentencing plea agreement similar to the one we addressed in Neeld v. State, No. 2D06-1731, 977 So.2d 740, 2008 WL 782885 (Fla. 2d DCA Mar. 26, 2008). In this case, although Mr. Henson orally agreed to avoid "trouble" as a condition for his deferred sentences, there was no written plea agreement and he was not informed  nor did he agree  that his timely appearance for sentencing was a condition of his plea agreement. Mr. Henson is therefore entitled to withdraw his plea.
On January 26, 2006, Mr. Henson did not voluntarily stop for a traffic infraction. He was arrested for fleeing to elude, felony driving while license revoked, and obstructing or resisting an officer without violence. He was released on bond. At his pretrial hearing on May 1, 2006, he indicated a desire to plead no contest to the fleeing to elude and felony driving while license revoked charges, but to defend against the misdemeanor charge of resisting an officer without violence. The trial court indicated that it was willing to accept a plea to these two counts in exchange for a sentence of 330 days in jail and a five-year revocation of driving privileges. The trial on the misdemeanor was scheduled for a later date.
In order to allow Mr. Henson time to get his affairs in order, the trial court was *738 also willing to defer sentencing on the two felonies until the conclusion of the misdemeanor trial. When Mr. Henson's counsel confirmed this was agreeable with Mr. Henson, the trial judge continued:
THE COURT:. . . . Now, he understands how sentencings [sic] work? He would admit today, he would plea[d] today, give up all his rights. If he gets in trouble between now and then, all bets are off.
DEFENSE COUNSEL: All bets are off.
THE COURT: He could get 20 years in prison that day. He knows that, right?
(Whereupon, the defense attorney and the defendant have a conversation.)
THE COURT: And trouble could be something as small as a neighbor who comes in and says, Judge, you know I just want you to be aware of what I saw him doing. Even if the police weren't involved. I mean, trouble can be trouble at any level. Somebody comes in and says something bad about him. Okay?
Mr. Henson, do you understand all that, sir?
THE DEFENDANT: Yes, sir.
THE COURT: Okay. You ready to do this?
THE DEFENDANT: Yes.
THE COURT: Raise your right hand, please, sir.
The trial court then conducted a typical plea colloquy and obtained a factual basis for the plea. Thereafter, the court concluded:
THE COURT: Okay. Accept your plea as knowingly and voluntarily entered. Find there's a factual basis for it. We're going to adjudicate you guilty on the fleeing and eluding and the driving while license suspended or revoked. We're going to set your sentencing for the 24th of May, as previously indicated. We'll see you then, okay?
THE DEFENDANT: Okay.
THE COURT: All right.
DEFENSE COUNSEL: Okay.
THE DEFENDANT: (Indiscernible).
DEFENSE COUNSEL: No. Just make sure you're here on time, okay?
THE DEFENDANT: 8:30?
DEFENSE COUNSEL: Yes.
(Whereupon, the proceedings were concluded.)
As luck would have it, Mr. Henson overslept on May 24 and did not arrive in court at 8:30. He claims that he went to the county jail at approximately 11 a.m. on that day and the jailors would not take him into custody without a capias. He then reported to his bondsman and apparently turned himself in to the jail as soon as the jailors had the capias allowing him to be held. The State does not dispute his version of these events.
On July 6, 2006, Mr. Henson was taken before the trial court for sentencing. He explained how he overslept and his efforts to turn himself in. The assistant state attorney indicated that the State was asking for a sentence of a year and a day because of his tardiness. The trial court indicated that it "could give [Mr. Henson] twenty-one years right now just for oversleeping." After further discussion, the trial court imposed two concurrent terms of five years in prison for these offenses. On July 24, 2006, the trial court reconsidered this sentence and reduced it to two concurrent terms of two years in prison.
While this case was pending on appeal, Mr. Henson filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) claiming that he had been sentenced in error because, although he had *739 agreed that "all bets were off if he got into "trouble" prior to the sentencing hearing, he never agreed that he could be sentenced to any lawful sentence if he did not appear in court at the scheduled time for sentencing. In other words, Mr. Henson never entered into either an oral or a written Quarterman agreement. See Quarterman v. State, 527 So.2d 1380 (Fla. 1988) (affirming the enforcement of a plea agreement that provided for the release and liberty of the defendant between entry of plea and sentencing but permitted an upward departure sentence if the defendant failed to appear for sentencing). The trial court did not rule on this motion within the allotted sixty days, and thus the motion is deemed denied.
A motion to correct sentencing error pursuant to rule 3.800(b) is not the proper vehicle to challenge this type of error. See Taylor v. State, 919 So.2d 669 (Fla. 2d DCA 2006); see also Barber v. State, 901 So.2d 364 (Fla. 5th DCA 2005). Instead, the defendant must file a motion to withdraw plea. See Taylor, 919 So.2d 669; Barber, 901 So.2d 364. In both Taylor and Barber, the district courts could conceive of no possible tactical explanation for the trial attorney's failure to file a motion to withdraw plea under Florida Rule of Criminal Procedure 3.170(l) and concluded that the defendant had been prejudiced by this failure. Accordingly, in both of those cases, the courts reversed to give the defendant an opportunity to withdraw the plea.
In this case, it is not so obvious that Mr. Henson would wish to withdraw his plea at this time. He is nearly finished serving this sentence. The facts of the criminal episode were more fully developed at the hearings following the plea hearing, and there is little to suggest that the trial court would choose to abide by the original plea agreement in imposing sentence rather than choose to withdraw from any plea agreement. This might subject Mr. Henson to the possibility of a longer sentence. On the face of this record, we cannot find indisputable evidence of ineffective assistance of counsel.
Nevertheless, the oral plea agreement did not contain a provision allowing the trial judge to sentence Mr. Henson to any lawful sentence if he did not appear on time for his sentencing hearing.[1] The trial court had the option to withdraw from the agreement at that time and proceed with preparations for trial, see Rollman v. State, 887 So.2d 1233 (Fla.2004), but it could not simply proceed to sentencing as if the plea had been an open plea. Thus, although we affirm the judgment and sentences on these two counts, Mr. Henson is entitled to withdraw his plea and proceed to trial on these offenses if he files a timely postconviction motion.
Accordingly, we affirm this case without prejudice to Mr. Henson's right to seek to *740 withdraw his plea by filing a motion pursuant to rule 3.850 on remand.
Affirmed.
DAVIS, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] Neither the trial court nor the State ever contended that Mr. Henson had breached the "trouble" condition in the plea agreement  that is, that Mr. Henson's tardiness for the sentencing hearing was a form of "trouble" permitting a greater sentence. We fully appreciate the trial judge's efforts to underscore to the defendant the importance of good comportment during his period of liberty. On the other hand, both "trouble" and "all bets are off" are perhaps open to interpretation. If the judge is telling the defendant that the judge is likely to withdraw from the plea agreement if the defendant misbehaves during this period, the cautionary statement is probably in accordance with the law and a reasonable warning. If the judge is attempting to establish his right to impose any lawful sentence in response to "trouble," this agreement may itself be more trouble than it is worth. As pointed out in Neeld, a written deferred sentencing plea agreement may be useful to any judge who seeks to use this approach in resolving cases.