BLACK, Judge.
 

 Joseph McClough challenges his sentence for robbery with a firearm, arguing that it violated the negotiated sentencing cap agreed to in return for McClough’s plea of guilty. McClough argues that his counsel was ineffective on the face of the record for failing to object to a sentence that exceeded the cap agreed to by the State and accepted by the trial court at the plea hearing and for failing to file a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(i).
 

 McClough entered a plea to charges of robbery with a firearm and possession of a firearm by a convicted felon. In exchange for the plea, the State agreed to cap McClough’s sentence at twenty years with a ten-year minimum-mandatory term on the robbery charge and a concurrent sentence on the possession charge. The trial court accepted McClough’s plea and expressly agreed to the twenty-year cap, explaining to McClough that he was facing a maximum term of twenty years in prison and that he could be sentenced to a period of supervision following the ten-year minimum mandatory. Sentencing was then set for a later date.
 

 At the sentencing hearing, following the testimony of various witnesses and argument from both the State and the defense, the trial court found no mitigating factors and concluded that but for the agreement, the court would have sentenced McClough to the maximum of life in prison. The court then sentenced McClough to twenty years in prison, followed by two years of community control, and a ten-year minimum-mandatory term on the robbery conviction. The court also sentenced McClough to a concurrent fifteen years,
 
 *160
 
 with a three-year minimum mandatory on the possession conviction.
 

 It is clear that in sentencing McClough the trial court exceeded the negotiated cap. However, this issue was not preserved for review as trial court error. Fla. R.App. P. 9.140(b)(2)(A)(ii)(b);
 
 see Ross v. State,
 
 848 So.2d 392, 392 (Fla. 2d DCA 2003). As such, we must consider McClough’s claim that counsel’s inaction amounted to ineffective assistance of counsel on the face of the record.
 

 “The general rule is that a claim of ineffective assistance of counsel may not be raised on direct appeal.”
 
 Corzo v. State,
 
 806 So.2d 642, 645 (Fla. 2d DCA 2002). However, “[o]n rare occasions, the appellate courts make an exception to this rule when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.”
 
 Id.; see also Smith v. State,
 
 998 So.2d 516, 523 (Fla.2008) (concluding an appellate court may address an ineffective assistance claim on direct appeal only in “the rare case[] where both prongs of
 
 Strickland
 
 — the error and the prejudice-are manifest in the record”).
 

 Counsel’s failure to file a motion to withdraw McClough’s plea is not per se ineffectiveness on the face of the record.
 
 See Williamson v. State,
 
 974 So.2d 582, 584 (Fla. 2d DCA 2008). Neither is his failure to object to the sentence at the hearing. Given the trial court’s statements at sentencing, we can conceive of a tactical explanation for counsel’s silence.
 
 See Henson v. State,
 
 977 So.2d 736, 739 (Fla. 2d DCA 2008);
 
 Williamson,
 
 974 So.2d at 584. Counsel had a reasonable basis to be concerned that given another opportunity, the court would have allowed McClough to withdraw his plea and sentenced him to a significantly longer term.
 
 See Rollman v. State,
 
 887 So.2d 1233, 1235 (Fla.2004);
 
 Goins v. State,
 
 672 So.2d 30, 31 (Fla.1996). Thus, we cannot grant McClough relief on direct appeal.
 

 Our affirmance is without prejudice to McClough filing a timely motion under Florida Rule of Criminal Procedure 3.850.
 
 See Hettick v. State,
 
 977 So.2d 797, 798 (Fla. 2d DCA 2008).
 

 Affirmed.
 

 WHATLEY and KHOUZAM, JJ., Concur.