LaROSE, Judge.
Ricardo Walker entered guilty pleas, in exchange for a limited prison term, to possession of cannabis in an amount greater than twenty grams, a third-degree felony, and felon in possession of a firearm, a second-degree felony.. See §§ 893.13(6)(a), 790.23(1), (3), Fla. Stat. (2011). His plea agreement required Mr. Walker to appear timely for sentencing. When he failed to do so, the trial court imposed the maximum prison term for each offense. See Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988); Norman v. State, 43 So.3d 771, 773-74 (Fla. 2d DCA 2010). In an amended initial brief, Mr. Walker argues that his conviction for felon in possession of a firearm constitutes fundamental error.[1]
Mr. Walker argues that Weeks v. State, — So.3d —, 2013 WL 6818369, 39 Fla. L. Weekly D35 (Fla. 1st DCA Dec. 26, 2013), compels the conclusion that the felon in possession statute is facially unconstitutional. We disagree. As we read Weeks, the First District seemingly found the statute unconstitutional as applied— i.e., to antique or replica firearms as further defined in section 790.001(1), and (6). In Weeks, the firearm was a black powder muzzle loader rifle with a percussion cap firing system of ancient vintage, arguably a replica of an antique, with an added scope. Id. at-, at D36. Following the denial of a motion to dismiss, Weeks entered a no contest plea, reserving the right to appeal the dispositive motion. Weeks certified conflict with Bostic v. State, 902 So.2d 225 (Fla. 5th DCA 2005) (holding that the felon in possession of a firearm statute is not unconstitutional because the term “replica” is not so vague as to render the statute unconstitutional). We note that the dissenting opinion in Bostic viewed the felon in possession statute unconstitutionally vague as applied. Bostic, 902 So.2d at 229 (Sharp, W., J., dissenting).
Nothing in our record suggests that Mr. Walker possessed an antique or replica firearm. Indeed, the record shows that he possessed a modern weapon, a Ruger firearm with rounds of ammunition in the magazine. Weeks and Bostic are inapplicable and are of no aid to Mr. Walker.
Affirmed.
CASANUEVA and VILLANTI, JJ„ Concur.

. We initially conducted review of this case pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Walker’s pro se brief argued that his trial counsel was ineffective on the face of the record for failing to move to withdraw his plea after he failed to appear at sentencing, a position that is meritless and unsupported by the record. See Quarterman, 527 So.2d at 1382; Norman, 43 So.3d at 773-74. Mr. Walker's appellate counsel then moved to withdraw the original Anders designation and to submit an amended brief to challenge the felon in possession of a firearm charge, which we allowed.