NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROGER LOUIS SEXTON,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D13-3912
　　　　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　　　　　)
_____)

Opinion filed August 13, 2014.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Appellee.

ALTENBERND, Judge.

　　　　　　　Roger Louis Sexton appeals an order entered in 2013 modifying his five-

year term of probation to add completion of a batterers' intervention program. The

probation was the result of Mr. Sexton's no contest plea in 2011 to the offense of

"possession of a firearm by convicted felon," which arose from events in May 2010.

See § 790.23(1), Fla. Stat. (2009). He argues on appeal, as a matter of unpreserved

error, that his 2011 judgment of conviction must be vacated in light of the First District's decision in Weeks v. State, 39 Fla. L. Weekly D35 (Fla. 1st DCA Dec. 26, 2013), motion for clarification filed, No. 1D12-3333 (Fla. 1st DCA Dec. 30, 2013). That decision, which is still pending in the First District, held that "section 790.23 is unconstitutionally vague because the phrase 'firearm' as elsewhere defined does not give adequate notice of what type of firearm may be lawfully carried by a convicted felon and, because of the imprecision, may invite arbitrary and discriminatory enforcement." Id. at D36-D37.

In Walker v. State, 137 So. 3d 594, 595 (Fla. 2d DCA 2014), we explained that in Weeks the First District had "seemingly found" that the relevant statute was unconstitutional as applied. That explanation appears sound because the decision in Weeks was based on that court's conclusion that the definition of "antique firearm,"[1] which was incorporated into the definition of "firearm"[2] and, thus, into this substantive offense, rendered section 790.23 unconstitutionally vague. See Weeks, 39 Fla. L. Weekly at D35-D36. Because the constitutional concern addressed in Weeks appears to arise only in cases involving firearms that arguably might be regarded as a replica of an antique firearm, the issue does not result in the facial unconstitutionality of section 790.23(1). Thus, in Walker, we concluded that the holding in Weeks was simply inapplicable to the facts in our case. In so doing, we implicitly rejected an argument that the decision in Weeks declares the statute facially unconstitutional. Walker, 137 So. 3d

---

[1]§ 790.001(1), Fla. Stat. (2012).

[2]§ 790.001(6), Fla. Stat. (2012).

at 595. To date, neither the First District nor this court has held that section 790.23(1) is facially unconstitutional.

In an appeal from an order entered on a violation of probation, our scope of review is generally limited to issues related to the revocation or modification of probation. Even if we can review the constitutionality of section 790.23(1) at this late stage of the proceedings, the law is clear that a party must preserve an as-applied constitutional challenge to a statute in the trial court. See Fla. Dep't of Agric. & Consumer Servs. v. Mendez, 98 So. 3d 604, 608 (Fla. 4th DCA 2012). Because Mr. Sexton did not raise this issue in the trial court and obtain a ruling from that court, he is not entitled to raise it in this appeal.

Affirmed.


WALLACE and SLEET, JJ., Concur.