IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALLEN S. KRAAY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-602

_____/

Opinion filed September 10, 2014.

An appeal from the Circuit Court for Levy County.
William E. Davis, Judge.

Nancy A. Daniels, Public Defender, and David Alan Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel Steinberg, Assistant Attorney General, for Appellee.

WETHERELL, J.

      Allen Kraay raises one issue in this direct appeal of his judgment and sentence for possession of a firearm by a convicted felon: whether the trial court erred in denying his pre-trial motion to dismiss based on Weeks v. State, 39 Fla. L.

Weekly D35 (Fla. 1st DCA Dec. 26, 2013).  We affirm.

Kraay was charged with possession of a firearm by a convicted felon in violation of section 790.23(1), Florida Statutes (2012).  Prior to trial, Kraay filed a motion to dismiss the charge based upon Weeks.  The trial court denied the motion, reasoning that it was not bound by Weeks because the decision was then pending on rehearing and thus was not yet final.  The case thereafter proceeded to trial.  The jury found Kraay guilty as charged and the trial court sentenced him to a mandatory minimum term of three years in prison.

The reasoning underlying the trial court's ruling on the motion to dismiss was erroneous because Weeks was binding on the trial courts of this district from the date the opinion was issued.[1]  However, the trial court's ruling was correct because, contrary to the argument in the motion to dismiss, Weeks did not hold section 790.23 facially unconstitutional; it merely declared the statute

---

[1] See Rock v. State, 800 So. 2d 298, 300 (Fla. 3d DCA 2001) (rejecting argument that Florida Supreme Court decision was not controlling because it was not yet final due to a pending motion for rehearing and explaining that the non-final decision "controls until it is altered or overturned"); Philip Padovano, Florida Appellate Practice § 20.7, at 404 (2011-2012 ed.) (explaining that finality of an appellate opinion and its effective date are distinct concepts and "[t]he effective date of an appellate decision is the date appearing on the face of the decision, even though most decisions do not become final until after the time has expired for filing a motion for rehearing");  but cf. Henderson v. State, 698 So. 2d 1205 (Fla. 1997) (explaining that when the Florida Supreme Court explicitly states that a ruling is prospective only, the ruling does not take effect until the time for rehearing has run).

unconstitutional <u>as applied</u> to replicas of antique firearms,[2] and here, Kraay stipulated that the firearm he was charged with possessing was not an antique and the evidence presented at trial showed that the firearm was a modern .22 caliber automatic rifle.  Accordingly, <u>Weeks</u> does not apply to this case.

AFFIRMED.

VAN NORTWICK and MAKAR, JJ., CONCUR.

---

[2] <u>See</u> <u>Weeks v. State</u>, 39 Fla. L. Weekly D1798, D1800 (Fla. 1st DCA Aug. 26, 2014) (revised opinion) ("In sum, we hold section 790.23 is unconstitutionally vague as to antique replica firearms because the phrases 'firearm' and 'antique firearm' defined in chapter 790, do not give adequate notice of what constitutes a permissible replica of an antique firearm which may be lawfully carried by a convicted felon . . . ."); <u>accord</u> <u>Sexton v. State</u>, 39 Fla. L. Weekly D1712 (Fla. 2d DCA Aug. 13, 2014) ("Because the constitutional concern addressed in [the original opinion in] <u>Weeks</u> appears to arise only in cases involving firearms that arguably might be regarded as a replica of an antique firearm, the issue does not result in the facial unconstitutionality of section 790.23(1)."); <u>Walker v. State</u>, 137 So. 3d 594 (Fla. 2d DCA 2014) ("As we read [the original opinion in] <u>Weeks</u>, the First District seemingly found the statute unconstitutional as applied - i.e., to antique or replica firearms . . . .").