DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HEATHER PHILLIPS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2344

[July 26, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562015CF002589A.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Heather Phillips appeals the trial court's final judgment and sentence. Pursuant to a plea agreement, Appellant pled no contest to one count of lewd or lascivious battery. The court sentenced Appellant to ten years in prison, followed by five years of sex offender probation. On appeal, Appellant argues her counsel was ineffective in failing to object to the supposedly greater-than-agreed-upon sentence and for failing to file a motion to withdraw plea. As set forth below, we affirm the trial court's judgment and sentence without prejudice to Appellant raising her claims of ineffective assistance of counsel in a 3.850 post-conviction motion.[1]

## Background

On October 13, 2015, the State of Florida charged Appellant by information with four counts of lewd or lascivious battery on a fifteen-year-old boy. The State offered Appellant a plea agreement, in which the State would drop three out of the four charges if Appellant pled no contest to

_____
[1] We offer no opinion on the merits of such a motion should one be made.

one. Appellant accepted. In a portion of the written plea bargain, Appellant agreed to the following statement: "I understand that the recommendation for sentencing to the judge by both my attorney and the State Attorney is as follows: 10 year DOC Cap agreement, $100 cost of prosecution, $217 deposition transcript fees." At the subsequent plea hearing, the trial court directly asked Appellant, "do you still wish to enter the plea knowing the cap is ten years in prison?" Appellant answered, "Yes." Shortly after, the court clarified the plea bargain:

> Do you understand that the court gives you—because there's a ten year cap that could include probation, right, because the court could say six years and four years probation or something because the cap is ten years. Do you understand that that probation could be sexual offender probation because of the type of charge it is which has special conditions to it?

Appellant answered, "Yes."

At the subsequent sentencing hearing, the trial court sentenced Appellant to ten years in prison as well as five years of sex offender probation to follow the prison sentence. On appeal, Appellant argues she never agreed to the possibility that she could serve five years of probation after serving a full ten years in prison; instead, she argues that she agreed only to ten total years of punishment divided in some manner between prison and probation. Consequently, she argues her defense counsel was ineffective in failing to object to the sentence at the sentencing hearing, as well as in failing to file a motion to withdraw the plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*).

## Analysis

We begin with the general proposition that a claim of ineffective assistance of counsel is generally not cognizable on direct appeal because the issue is fact-specific. *Michel v. State*, 989 So. 2d 679, 681 (Fla. 4th DCA 2008). The usual procedural vehicle for such a claim is a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. *Dennis v. State*, 696 So. 2d 1280, 1282 (Fla. 4th DCA 1997). However, as this Court and others have noted, "such a claim can be raised where the face of the record demonstrates ineffective assistance of counsel." *Michel*, 989 So. 2d at 681.

We find that defense counsel's failure to contest the trial court's sentence in this case does not amount to ineffective assistance of counsel

2

apparent on the face of the record.  Successfully demonstrating ineffective assistance of counsel has two steps:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In other words, a defendant must show that his or her attorney's actions (1) were below an objective standard of reasonableness, and that, (2) those unreasonable actions created a reasonable probability that the result of the proceeding would have been different.  *Mosley v. State*, 209 So. 3d 1248, 1264 (Fla. 2016).

Here, it does appear that the trial court sentenced Appellant to a greater-than-agreed-upon/understood sentence.  Though there may have been some ambiguity in the written plea bargain concerning whether ten years was the maximum possible *overall* sentence, or whether ten years was the maximum possible *prison* sentence, the trial court subsequently indicated that the "ten year cap" included both prison time and probation when it told Appellant: "Do you understand that the court gives you—because there's a ten year cap that could include probation, right, because the court could say six years and four years probation or something because the cap is ten years."

It is possible that defense counsel may have chosen not to object to the sentence or file a motion to withdraw the plea because counsel had a good faith belief that the sentence, even if more than agreed to, was still more favorable to Appellant than a sentence that might result from risking the plea not being accepted at all.  In other words, counsel may have chosen not to object for strategic purposes.  Our jurisprudence is one that robustly protects strategic and tactical decisions by defense counsel.  *See Hannon v. State*, 941 So. 2d 1109, 1118 (Fla. 2006) ("The defendant carries the burden to 'overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."'" (quoting *Strickland*, 466 U.S. at 689)).  "There is a strong presumption that trial counsel's performance was not ineffective," *id.*, and in reviewing attorney performance, we should not fall prey to "the distorting effects of hindsight, [instead] evaluat[ing] the conduct from counsel's perspective at the time."

*Id.* (quoting *Strickland*, 466 U.S. at 689). Given the State's strong evidence of guilt, defense counsel may have had a reasonable basis to conclude that, were the plea and sentence to be withdrawn, the State could successfully charge Appellant with all four lewd or lascivious battery counts. If so, then Appellant would find herself facing up to sixty years in prison, *see* §§ 775.083(3)(d), 800.04(4), Fla. Stat. (2015), rather than the ten-year prison and five-year sex offender probation sentence she actually received.

Our reasoning in this case is analogous to that in *McClough v. State*, where the Second District Court of Appeal held that defense counsel was not ineffective in failing to object to the sentence imposed even though the sentence imposed exceeded the negotiated cap. 74 So. 3d 158, 160 (Fla. 2d DCA 2011). As we do here, the court in *McClough* concluded: "we can conceive of a tactical explanation for counsel's silence. Counsel had a reasonable basis to be concerned that given another opportunity, the court would have allowed [the defendant] to withdraw his plea and sentenced him to a significantly longer term." *Id.* (citations omitted).

**Conclusion**

Because defense counsel may have had a strategic decision for not objecting to the sentence or moving for a withdrawal of plea, we affirm the final judgment and sentence. There was not ineffective assistance by defense counsel on the face of record. Our affirmance is without prejudice to Appellant filing a timely motion under Florida Rule of Criminal Procedure 3.850. *See McClough*, 74 So. 3d at 160; *Hettick v. State*, 977 So. 2d 797, 798 (Fla. 2d DCA 2008).

*Affirmed.*

GERBER, C.J., AND WARNER, J., concur.

\*  \*  \*

***Not final until disposition of timely filed motion for rehearing.***

4