NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

IRVIN JONATHAN SIMMONS,    )
                    )
      Appellant,     )
                    )
v.                 )     Case No. 2D16-1023
                    )
STATE OF FLORIDA,     )
                    )
      Appellee.     )
_____)

Opinion filed October 18, 2017.

Appeal from the Circuit Court for Manatee
County; Susan B. Maulucci, Judge.

Howard L. Dimmig, II, Public Defender,
and Julius J. Aulisio, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa,
for Appellee.

SILBERMAN, Judge.

After entering a no contest plea to a lesser included offense, Irvin

Jonathan Simmons appeals his sentence of sixty months in prison for the second-

degree felony of sale or delivery of a controlled substance. He contends that the trial

court improperly increased the negotiated sentence of thirty-six months after Simmons

failed to appear for his sentencing hearing. In the alternative, he argues that his trial counsel rendered ineffective assistance for failing to object to the sentence. Because Simmons did not preserve the sentencing issue by seeking to withdraw his plea and the record does not show ineffective assistance of counsel on the face of the record, we affirm.

Simmons was charged with the first-degree felony of sale or delivery of a controlled substance within 1000 feet of a school. He entered into an agreement to enter a plea to the second-degree felony of sale of a controlled substance in return for a sentence of thirty-six months in prison with no minimum mandatory. The trial court indicated that as long as Simmons appeared for the sentencing hearing on November 5 at 11 a.m., "that's the sentence that [the court would] impose, but if you don't appear, then the deal is off and the original charge of sale or delivery of controlled substance within a thousand feet of a school . . . could be reinstated." Simmons acknowledged his understanding of the terms and entered the no contest plea.

Simmons failed to appear for sentencing on November 5 and was picked up by law enforcement on a warrant in late December. At sentencing, the prosecutor asserted that while Simmons violated the plea agreement, the State was not reinstating the original first-degree felony charge. Rather, sentencing was up to the trial court. After inquiring as to Simmons' failure to appear, the trial court imposed a sentence of sixty months in prison with credit for all time served.

Simmons contends that the trial court erred in imposing a greater sentence than the thirty-six months to which the parties had agreed. The plea

agreement was not the typical Quarterman[1] agreement whereby the defendant agrees that if he does not appear for sentencing "the trial court could impose any greater lawful sentence" rather than the sentence specified in the plea agreement. Neeld v. State, 977 So. 2d 740, 743 (Fla. 2d DCA 2008); see also Henson v. State, 977 So. 2d 736, 739 (Fla. 2d DCA 2008) (noting that Henson had not agreed that "he could be sentenced to any lawful sentence if he did not appear" for the scheduled sentencing hearing). Rather, Simmons had agreed that if he did not show up for sentencing it would be a violation of the plea agreement and his plea to the lesser included charge would not have to stand; the State could reinstate the originally charged first-degree felony, for which he would be subject to thirty years' imprisonment.

If an agreement does not provide that the trial court can sentence the defendant to any lawful sentence if he fails to appear for sentencing, then the trial court cannot "simply proceed to sentencing as if the plea had been an open plea." Henson, 977 So. 2d at 739. Therefore, if the trial court wanted to exceed the negotiated sentence, it was required to give Simmons an opportunity to withdraw his plea. "[A] trial court retains the authority to alter a prior plea arrangement up until the time sentence is imposed, so long as the trial court provides the defendant an opportunity to withdraw any plea that was entered in reliance on the promised sentence." Rollman v. State, 887 So. 2d 1233, 1235 (Fla. 2004); see also Williamson v. State, 974 So. 2d 582, 583 (Fla. 2d DCA 2008) ("Both sides recognize that the trial court is not bound by any plea agreement."). However, to preserve this issue for review, Simmons was required to file

[1]Quarterman v. State, 527 So. 2d 1380 (Fla. 1988).

a motion to withdraw his plea, which he did not do.  See McClough v. State, 74 So. 3d 158, 160 (Fla. 2d DCA 2011).

Simmons argues that defense counsel's failure to object at sentencing and failure to file a motion to withdraw the plea constitutes ineffective assistance of counsel on the face of the record, relying upon cases such as Lowery v. State, 22 So. 3d 745 (Fla. 2d DCA 2009).  Lowery is distinguishable in that counsel agreed with the trial court's erroneous recollection of the plea agreement, and Lowery entered her plea to the original charged crime, not a lesser included offense.  Id. at 746, 748.  Lowery received the maximum prison sentence of five years for the charged crime rather than the negotiated eighteen months.  Id. at 746.

Here, counsel's failure to object or to file a motion to withdraw plea is not ineffective on the face of the record when there is a possible tactical reason for counsel's inaction.  See McClough, 74 So. 3d at 160; Henson, 977 So. 2d at 739; Williamson, 974 So. 2d at 584.  Based on the circumstances here, this could have been a tactical decision since the withdrawal of the plea could have resulted in the reinstatement of the original charge with the risk of a thirty-year sentence with a minimum mandatory, rather than the imposed five-year sentence with no minimum mandatory.  Further, even if the State elected not to reinstate the original charge, Simmons would have been exposed to the possibility of being convicted on the second-degree felony and being sentenced to up to fifteen years.

Because of his breach of the plea agreement, Simmons is not entitled to imposition of the negotiated sentence of thirty-six months.  He has not sought to

- 4 -

withdraw the plea agreement and has not demonstrated ineffective assistance of counsel on the face of this record.  Accordingly, we affirm the judgment and sentence.

Affirmed.


BLACK and SALARIO, JJ., Concur.